**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**
**PITTSBURGH DIVISION**

| | |
|---|---|
| **HASSAN OLAWALE,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC., AND ROCKLOANS MARKETPLACE, LLC,**<br><br>**Defendants.** | Civil Case Number:<br><br><br>**CIVIL ACTION**<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.     Plaintiff, **HASSAN OLAWALE**, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Defendant ROCKLOANS MARKETPLACE LLC ("Rocket Loans") has negligently and recklessly disseminated false information regarding the Plaintiff's credit to the national credit reporting agencies.

2.     Plaintiff further alleges that all three major consumer reporting agency, Experian Information Solutions, Inc. (Experian), Trans Union, LLC (Trans Union), and Equifax Information Services, LLC, have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3.     Plaintiff further alleges that Trans Union, Experian, and Equifax have failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

-1-

4.      Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5.      The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.  All defendants regularly conduct business within the state of Pennsylvania and violated Plaintiff's rights under the FCRA in the state of Pennsylvania as alleged more fully below.

6.      Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7.      Plaintiff, Hassan Olawale, ("Plaintiff"), is a resident of Penn Hills, Pennsylvania and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8.      Defendant Trans Union is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9.      Trans Union is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

10.     Defendant Experian is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15

U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Experian is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

12. Defendant Equifax is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Equifax is a limited liability company with its principal office located at 1550 Peachtree Road, Atlanta, Georgia 30092.

14. Defendant RockLoans Marketplace LLC (doing business as Rocket Loans) is a national marketplace lending company specializing in online personal loans.

15. Rocket Loans is a limited liability company incorporated in Michigan, with its principal office located at 1050 Woodward Avenue, Detroit, Michigan 48226.

## FACTUAL ALLEGATIONS

16. In late 2020, Plaintiff received a 1099-C from Rocket Loans notifying the Plaintiff that an alleged debt of $12,625 was discharged.

17. Before September 12, 2024, Plaintiff discovered that Defendants Trans Union, Equifax, and Experian (collectively the "CRAs") were negatively reporting the Rocket Loans account with a balance of $12,625.

18.     On or around September 12, 2024, Plaintiff called Rocket Loans to dispute the account status.

19.     Accordingly beginning on or around September 20, 2024, Plaintiff sent dispute letters to the CRA Defendants via certified mail.

20.     In each of those disputes, Plaintiff specifically advised each Defendant CRA of the inaccurate reporting and requested that the incorrect information be updated.

21.     Within 30 days of receipt of the Plaintiff's disputes, the Defendant CRAs were required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

22.     Upon information and belief, Rocket Loans received copies of these disputes directly from the CRAs.

23.     Despite receipt of these letters, Defendant CRAs have continued to verify and report the inaccurate balance on Plaintiff's credit reports.

24.     Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's multiple disputes.

25.     At all times pertinent hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

26.     As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has been harmed in daily life.

27.     Defendants' violations of the FCRA accordingly caused the Plaintiff great distress, annoyance and frustration in daily life.

28.     Defendant CRAs received all of Plaintiff's dispute letters.

29.     However, Defendant CRAs failed to do an adequate investigation of the Plaintiff's

dispute and continues to negatively report the Plaintiff 's account with a balance of $12,625.

30.     Upon information and belief, Defendant CRAs relayed the Plaintiff's disputes to Rocket Loans, but Rocket Loans refused to investigate, correct or delete this inaccurate information.

31.     At all times pertinent hereto, the three CRA's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e(b) of the FCRA.

32.     At all times pertinent hereto, Rocket Loans' conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

33.     As a direct and proximate result of the Defendants' willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports as mandated by the FCRA, Plaintiff has been harmed in daily life.

34.     For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendants' inaccurate reporting, causing the Plaintiff to sustain monetary damages.

35.     Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

## COUNT I
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST TRANS UNION

36.     All preceding paragraphs are realleged.

37.     At all times pertinent hereto, Trans Union was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

38.     The FCRA provides that if a CRA conducts an investigation of disputed

information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

39.     In September of 2024, the Plaintiff initiated a dispute with Trans Union requesting that they correct these specific items in Plaintiff's credit file that were patently inaccurate and damaging to Plaintiff.

40.     Trans Union received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

41.     Trans Union, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

42.     As a direct and proximate result of Trans Union's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

**<u>COUNT II</u>**
**FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY**
**15 U.S.C. § 1681e(b)**
**AGAINST TRANS UNION**

43.     All preceding paragraphs are realleged.

44.     Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

45.     Were Trans Union to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Rocket Loans account information being reported on the Plaintiff's credit reports.

46.     As a direct and proximate result of Trans Union's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT III
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EQUIFAX

47.     All preceding paragraphs are realleged.

48.     At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

49.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

50.     In September of 2024, the Plaintiff initiated a dispute with Equifax requesting that they correct specific items in Plaintiff's credit file that were patently inaccurate and damaging to Plaintiff.

51.     Equifax received this dispute, as evidenced by the certified mail tracking number in the Plaintiff's possession.

52.     Equifax, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report these inaccurate items on the Plaintiff's credit file, something that any basic investigation would have prevented.

53.     As a direct and proximate result of Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT IV
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)
### AGAINST EQUIFAX

54.    All preceding paragraphs are realleged.

55.    Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

56.    Were Equifax to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed or corrected the inaccurate information being reported on the Plaintiff's credit reports.

57.    As a direct and proximate result of Equifax's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed, as explained above.

## COUNT V
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST EXPERIAN

58.    All preceding paragraphs are realleged.

59.    At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

60.    The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

61.    In September of 2024, the Plaintiff initiated a dispute with Experian requesting that

they correct specific items in Plaintiff's credit file that were patently inaccurate and damaging to Plaintiff.

62.    Experian received the Plaintiff's dispute letters, as evidenced by the certified mail tracking number in the Plaintiff's possession.

63.    However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

64.    Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

65.    As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT VI
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15  U.S.C. § 1681e(b)
## AGAINST EXPERIAN

66.    All preceding paragraphs are realleged.

67.    Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

68.    Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Rocket Loans account information being reported on the Plaintiff's credit report.

69.    As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff

have been harmed, as explained above.

## COUNT VII
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST ROCKET LOANS

70.    All preceding paragraphs are re-alleged.

71.    Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

72.    In September of 2024, Plaintiff called Rocket Loans to initiate a dispute.

73.    In September of 2024, Plaintiff initiated disputes with the CRAs disputing the accuracy of the account being reported by Rocket Loans.

74.    Upon information and belief, Rocket Loans received notice of these disputes from the CRAs.

75.    Rocket Loans was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

76.    Rocket Loans failed to reasonably investigate Plaintiff's dispute. Indeed, Rocket Loans could easily have checked its records and seen that it issued a 1099-C to Plaintiff in late 2020 discharging the debt.

77.    Even after the Plaintiff properly disputed the accuracy of this account with Experian, Trans Union, and Equifax, Rocket Loans refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff was still in collection.

78.    Rocket Loans' conduct violated section 1681s-2(b) of the FCRA.

79.    As a result of Rocket Loans' conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

80.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A.    Awarding Plaintiff actual damages;

B.    Awarding Plaintiff statutory damages;

C.    Awarding Plaintiff punitive damages;

D.    Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E.    Awarding pre-judgment interest and post-judgment interest;

F.    A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G.    Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H.    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: March 7, 2025

/s/ Ari H. Marcus
Ari H. Marcus, Esq.
PA Bar # 322283
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
(732) 695-3282
ari@marcuszelman.com
