IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| HASSAN OLAWALE,  )<br> )<br>Plaintiff,  )<br> )<br>vs.  )<br> )<br>TRANS UNION, LLC,  EXPERIAN  )<br>INFORMATION SOLUTIONS, INC.,  )<br>EQUIFAX INFORMATION SERVICES,<br>LLC,  ROCKLOANS MARKETPLACE,<br>LLC,<br><br>Defendants, | 2:25-CV-00340-MJH |

OPINION AND ORDER

Plaintiff, Hassan Olawale, brings the within action under the Fair Credit Reporting Act

(FCRA) against Defendants, Trans Union, LLC, Experian Information Solutions, Inc., Equifax

Information Systems, and Rockloans Marketplace, LLC.  (ECF No. 40).   Specifically, Mr.

Olawale alleges, against Rockloans, that it violated the FCRA (15 USC § 1681s-2(b)) by failing

to investigate a consumer dispute (Count VII).  *Id*.  Rockloans moves to dismiss said count

pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No.  33).   The matter is now ripe for decision.

Upon consideration of Mr. Olawale's Amended Complaint (ECF No. 40), Rockloans's

Motion to Dismiss (ECF No. 33), the respective briefs (ECF Nos. 34, 35, and 38), and for the

following reasons, Rockloans's Motion to Dismiss will be granted.   Mr. Olawale will be granted

leave to amend.

I.      Background

Mr. Olawale previously had an account with Rockloans[1], which he alleges was charged

off, discharged and closed in 2020.  (ECF No. 40 at ¶ 16).  In 2023, Mr. Olawale received a

1099-C from Rockloans, which he avers confirms that, on December 3, 2020, an alleged debt of

$10,000 had been cancelled and discharged. *Id*. at ¶ 17.  Mr. Olawale alleges that the 1099-C

included the Event Code "G", which is a Code used by the IRS "to identify cancellation of debt

as a result of a decision or a defined policy of the creditor to discontinue collection activity and

cancel the debt." *Id*. at ¶ 18.   Mr. Olwale avers that, as a result of RockLoans's cancellation of

his debt, he then claimed this cancelled debt on his tax returns as taxable income, and incurring a

tax liability as a result. *Id*. at ¶ 20.

Mr. Olawale alleges that he does not owe any balance on the Rockloans account; but in

2024, he discovered that Defendants, Trans Union, Equifax, and Experian, (collectively the

"CRAs") were negatively reporting the Rockloans account with a balance of $12,625. *Id*. at ¶¶

21-22. On or around September 12, 2024, Mr. Olawale allegedly contacted Rockloans to dispute

the account status, and he sent dispute letters to the CRA Defendants via certified mail.  *Id*. at ¶¶

23-24. In each of those disputes, Mr. Olawale avers that he advised each Defendant CRA of the

inaccurate reporting and requested that the incorrect information be updated. *Id*. at ¶ 25.

With those disputes, Mr. Olawale allegedly included the 1099-C form he had received

from Rockloans, entitled 'CANCELLATION OF DEBT'. *Id*. at ¶ 26.  Mr. Olawale asserts that,

despite receipt of these disputes, Defendant CRAs have continued to verify and report the

inaccurate balance on his credit reports. *Id*. at ¶ 29. However, Mr. Olawale alleges the CRAs

---

[1]Mr. Olawale's Amended Complaint references a Rocket Loans account which was serviced by
the Defendant, Rockloans Marketplace, LLC.

failed to do an adequate investigation of the dispute and continues to negatively report the Mr. Olawale's account with a balance of $12,625. *Id*. at ¶ 36. Mr. Olawale alleges Defendant CRAs relayed his disputes to Rockloans, but Rockloans refused to investigate, correct, or delete this inaccurate information. *Id*. at ¶ 37.

Rockloans moves to dismiss the Amended Complaint because it fails to sufficiently allege a claim under the Fair Credit Reporting Act. 15 U.S.C. § 1681s-2(b).

II.      Relevant Standard

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The Supreme Court clarified that this plausibility standard should not be conflated with a higher probability standard. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556); *see also Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations of a complaint must be

3

enough to raise a right to relief [*5] above the speculative level." *Twombly*, 550 U.S. at 555. A pleading party need not establish the elements of a prima facie case at this stage; the party must only "put forth allegations that 'raise a reasonable expectation that discovery will reveal evidence of the necessary element[s].'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (quoting *Graff v. Subbiah Cardiology Assocs. Ltd.*, 2008 U.S. Dist. LEXIS 44192, 2008 WL 2312671 (W.D. Pa. June 4, 2008)); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016).

Nonetheless, a court need not credit bald assertions, unwarranted inferences, or legal conclusions cast in the form of factual averments. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997). The primary question in deciding a motion to dismiss is not whether the plaintiff will ultimately prevail; but rather, whether he or she is entitled to offer evidence to establish the facts alleged in the complaint. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000). The purpose of a motion to dismiss is to "streamline[] litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989).

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted). Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Amendment is futile "where an amended complaint 'would fail to state a claim upon which relief could be granted.'" *M.U. v. Downingtown High Sch. E.*, 103 F. Supp. 3d 612, 631 (E.D. Pa. 2015) (quoting *Great Western Mining & Mineral Co.*, 615 F.3d at 175).

4

III.    Discussion

Rockloans argues that Mr. Olawale's Amended Complaint fails to explain how any information reported by or to credit reporting agencies (CRAs) was inaccurate or incomplete under 15 U.S.C. § 1681s–2(b).   Rockloans further maintains that Mr. Olawale's claim under 15 U.S.C. § 1681s–2(b), based solely on a prior issuance of Form 1099-C, fails as a matter of law. Finally, Rockloans contends that even if Rockloans inaccurately reported Mr. Olawale's alleged debt, the Amended Complaint raises a legal issue rather than a factual inaccuracy.

Mr. Olawale argues that he sent notice of his dispute to Transunion, Equifax and Experian, and that the credit bureaus relayed his dispute to Rockloans.  Mr. Olawale maintains that, the only question in his claim against Rockloans, is whether Rockloans failed to investigate and correct inaccurate information in Mr. Olawale's credit report.  Mr. Olawale also contends that he sufficiently makes averments regarding the cancellation and discharge of his debt that caused him to incur tax liability for a cancelled debt, which raises the plausible inference that the Rockloans loan was actually discharged.

"To make out a claim under 15 U.S.C. § 1681s–2(b) of the FCRA, [plaintiff] must prove: "(1) that [he] notified a credit reporting agency of the dispute under § 1681i, (2) that the credit reporting agency notified the party who furnished the information under § 1681i(a)(2), and (3) that the party who furnished the information failed to investigate or rectify the disputed charge." *Vassalotti v. Wells Fargo Bank, N.A.*, 815 F. Supp. 2d 856, 863-864 (E.D. Pa. 2011). A threshold showing of inaccuracy or incompleteness is required to plead a claim under § 1681s-2(b). *See Holland v. Trans Union LLC*, 574 F. Supp. 3d 292, 302 (E.D. Pa. 2021) (holding that "that there must be some threshold showing of inaccuracy to make a claim against a furnisher").

Most [courts] have held that, absent other evidence, the issuance of a Form 1099-C does not automatically discharge a debt. *See e.g. FDIC v. Cashion*, 720 F.3d 169, 176–81 (4th Cir. 2013); *Cadle v. Neubauer*, 562 F.3d 369, 374 (5th Cir. 2009); *Wells Fargo Advisors, LLC v. Mercer*, 735 F. App'x 23 (7th Cir. 2018). *Cashion* further held that the "filing [of] a Form 1099-C is a creditor's required means of satisfying a reporting obligation to the IRS; it is not a means of accomplishing an actual discharge of debt, nor is it required only where an actual discharge has already occurred." *Id*. at 179.

Here, Mr. Olawale's First Amended Complaint alleges inaccuracies, based upon conclusory language that fails to draw a sufficient connection between the issued Form 1099-C and a legally discharged debt that should not appear on his credit report. The Court agrees with the majority of courts that Form 1099-C functions for purposes of tax liability and does not alter or affect the relationship between a debtor and creditor. Mr. Olawale's allegations, vis-à-vis his receipt of a Form 1099-C, standing alone, are not sufficient to support his claim that there were inaccuracies in his credit reports. Mr. Olawale is asking the Court, at the motion to dismiss stage, to make a significant logical leap to accept a Form 1099-C, as a plausible basis to support that Rockloans inaccurately reported his debt or failed to investigate his dispute. The Amended Complaint does not contain sufficient factual allegations to indicate the manner or description in which his Rockloans debt has been reported to the CRAs, or that the CRAs would indeed cease reporting the Rockloans debt given these circumstances. In short, something beyond conclusory allegations regarding Form 1099-C are required to state an FCRA claim.

In addition, to the extent there is any question about the legal effect of the issuance of a Form 1099-C to effect a discharge of the debt of Mr. Olawale, such is a legal question, which would not support any duty for Rockloans to investigate under 15 U.S.C. § 1681s–2(b).

Accordingly, Rockloans's Motion to Dismiss will be granted.

IV.    Conclusion and Order

For the reasons stated above, Rockloans's Motion to Dismiss is granted.  Rockloans is dismissed without prejudice.  Because the Court cannot deem the futility of an amendment, Mr. Olawale is granted leave to amend.   Any Second Amended Complaint shall be filed on or before February 19, 2026.   Should no amended complaint be filed by said date, a separate order will be entered dismissing Rockloans with prejudice.

DATED this 5th day of February, 2026.

BY THE COURT:

MARILYN J. HORAN
United States District Judge